Filed 11/16/15  P. v. Jones CA2/6
Opinion on remand

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>CHANGA DIA JONES,<br><br>  Defendant and Appellant. | 2d Crim. No. B255693<br>(Super. Ct. No. NA036778-01)<br>(Los Angeles County)<br><br>OPINION ON REMAND<br>FROM SUPREME COURT |

        The California Supreme Court granted review and transferred this case with directions to vacate our decision and reconsider the cause in light of *People v. Johnson* (2015) 61 Cal.4th 674.  (Cal. Rules of Court, rule 8.528(d).)  In our previous opinion (*People v. Jones* (Feb. 17, 2015, B255693) [nonpub. opn.]), we affirmed an order denying Changa Dia Jones's petition for resentencing under the Three Strikes Reform Act of 2012 ("the Act") because one of his convictions is a serious felony.  (Pen. Code, §§ 667, 1170.12, 1170.126[1]; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).)  In *Johnson*, the court held that an inmate is eligible for resentencing on a qualifying offense despite the presence of another current offense that is serious or violent. (*Johnson*, at p. 695.)  We vacate our decision, reverse and remand.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL HISTORY

Jones is serving an indeterminate term of 51 years to life under the three strikes law for convictions that include taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and evading a police officer causing death (*id.*, § 2800.3). Jones's criminal history includes prior strike convictions for residential burglaries. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 459.)

In 2012, Jones filed a petition for resentencing as a second-strike offender under the Act. The trial court denied the petition. It found that Jones is ineligible for resentencing because one of his current convictions is for a serious felony, evading an officer causing death. The court did not reach the question whether resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

DISCUSSION

The order denying Jones's petition for resentencing is appealable. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)

Under the three strikes law as it existed before Proposition 36, a defendant convicted of two prior serious or violent felonies was subject to a sentence of 25 years to life upon conviction of any third felony. The Act reduces punishment for certain offenders whose current convictions are not serious or violent. Inmates who are currently serving an indeterminate sentence for a third felony conviction, which is not a serious or violent felony, may seek resentencing as a second strike offender to a determinate term. (§ 1170.126.) The trial court must resentence an eligible inmate pursuant to section 667, subdivision (e)(1) and section 1170.12, subdivision (c)(1) unless the court, in its discretion, determines that resentencing the inmate would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *People v. Johnson*, *supra*, 61 Cal.4th 674, 682.) An inmate is not eligible for resentencing under the Act on a current felony conviction that is serious or violent. (§§ 1170.126, subd. (e)(1), 667.5, subd. (c), 1192.7, subd. (c).)

It is now settled that "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current

2

offense that is serious or violent." (*People v. Johnson*, *supra*, 61 Cal.4th 674, 695.) Taking a vehicle without the owner's consent is not a serious or violent felony. (§§ 667.5, subd. (c), 1170.12, subd. (c).) Evading a police officer causing death is. (§ 1192.7, subd. (c)(8).) Thus, Jones is eligible for resentencing on his conviction for taking a vehicle without the owner's consent and is ineligible for resentencing on his conviction for evading a police officer causing death.

DISPOSITION

We vacate our previous opinion. The order is reversed and remanded with directions to enter a new and different order consistent with this opinion.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

William C. Ryan, Judge

Superior Court County of Los Angeles

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah Hill, Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.